UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TROY MCRAE,

                                  Petitioner,                     16-CV-6489-FPG

v.

                                                                 DECISION AND ORDER

JEFFERSON SESSIONS, et al.,

                                  Respondents.

## INTRODUCTION

Petitioner Troy McRae brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 1651 & 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. Respondents Jefferson Sessions, Kirstjen Nielsen, the Field Office Director of the Buffalo Field Office of ICE, and the Warden of the Buffalo Federal Detention Facility are the alleged custodians of Petitioner. Presently before the Court is Petitioner's emergency motion for a stay of removal. ECF No. 12. He alleges that the government intends to remove him from the United States within the month, and he requests a stay of removal and an order releasing him until the case is resolved. Because the Court lacks jurisdiction to consider Petitioner's motion, the motion is DENIED.

## BACKGROUND

The following facts are drawn from the submissions of Petitioner and Respondents. Petitioner was born in, and is a citizen of, Guyana. In 1997, he was admitted into the United States as a lawful permanent resident. In 1998, Petitioner enlisted in the Navy. The parties dispute the extent of Petitioner's service. The government argues that Petitioner's service lasted for an extremely brief period—a few months. Petitioner contends that, while he was initially discharged shortly after his enlistment, he returned to active duty later in 1998, serving until 2016.

1

Regardless, in September 2006, the government initiated removal proceedings against Petitioner on the basis of certain offenses for which he had been convicted. In July 2008, an immigration judge denied Petitioner's applications for relief from removal. In September 2008, the Board of Immigration Appeals ("BIA") denied Petitioner's appeal.

It was not until June 2017, after Petitioner had completed an intervening criminal sentence, that the Department of Homeland Security ("DHS") took Petitioner into custody. The next month, Petitioner filed a motion to reopen his removal proceedings, which the BIA granted in September 2017. In April 2018, an immigration judge denied Petitioner's applications for relief and ordered him removed to the United Kingdom or Guyana. Petitioner appealed the order to the BIA.

On June 29, 2018, Petitioner filed the present action. He raises various constitutional claims, all of which are grounded in his argument that DHS and Immigration and Customs Enforcement ("ICE") lack jurisdiction to remove or detain him because he was actively serving in the military when removal proceedings were first instituted in 2006.[1]

The BIA denied Petitioner's appeal on September 14, 2018. Thereafter, Petitioner filed the emergency motion for a stay of removal, alleging that the government intends to remove him imminently. The government confirms that it intends to effectuate Petitioner's removal to Guyana within thirty days of November 13, 2018. *See* ECF No. 15 ¶ 10.

## DISCUSSION

The premise of Petitioner's emergency motion is that DHS and ICE lack jurisdiction to proceed with removal because he was on active duty in the military when removal proceedings were first instituted. On this basis, Petitioner argues that his removal and continued detention are unlawful. Separately, Petitioner claims that a stay of removal is justified because he will otherwise

---

[1] Petitioner's argument seems to be that, while he was serving in the military, only governmental entities within the military command structure could bring proceedings against him. *See* ECF No. 3 at 2-3; ECF No. 12 at 8.

2

suffer irreparable harm—specifically, he will be unable to care for his mother and father, both of whom have diabetes; he will no longer receive benefits resulting from his military service; and he will have no place to live or means to earn money in Guyana. The government responds, and the Court agrees, that this Court lacks jurisdiction to consider Petitioner's motion.

"[V]arious provisions of the [Immigration and Nationality Act] preclude, or restrict, judicial review of immigration decisions." *Singh v. U.S. Citizenship & Immigration Servs.*, No. 15-CV-1411, 2016 WL 1267796, at *3 (S.D.N.Y. Mar. 30, 2016). One such provision is 8 U.S.C. § 1252(a)(5), which states, "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." This provision precludes a district court from entertaining either direct or indirect challenges to a removal order. *See Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). By extension, district courts do not have jurisdiction to grant "stays of removal in such cases." *Rodney v. Gonzales*, No. 05 CV 3407, 2006 WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006); *see also Al-Garidi v. Holder*, No. 09-CV-6160, 2009 WL 1439216, at *1 (W.D.N.Y. May 15, 2009) (collecting cases).

Another relevant provision is § 1252(g), which strips district courts of jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders against any alien under this chapter.*" 8 U.S.C. § 1252(g) (emphasis added). The purpose of § 1252(g) is to limit judicial interference in areas of prosecutorial discretion, *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999), and the provision "makes clear that a decision by the Attorney General to 'execute' a final order of removal is not subject to judicial review." *Singh v. Napolitano*, 500 F. App'x 50, 52 (2d Cir. 2012) (summary order). These jurisdictional bars apply to habeas petitions brought under § 1651 and § 2241. *See* 8 U.S.C. §§ 1252(a)(5), (g); *see also*

3

*Meleance v. Bd. of Immigration Appeals*, 363 F. App'x 765, 766-67 (2d Cir. 2010) (summary order).

By virtue of § 1252(a)(5) and § 1252(g), this Court lacks jurisdiction to consider Petitioner's emergency motion. Petitioner's argument on the merits of his removability is a direct challenge to the removal order, and consequently, this Court lacks jurisdiction under § 1252(a)(5) to consider his argument or to grant a stay of removal on that basis. *See Al-Garidi*, 2009 WL 1439216, at *1. Likewise, Petitioner's challenge to his continued detention—premised as it is on his substantive argument against removal—constitutes an indirect challenge to the removal order, and the Court may not review it. *See Essuman v. Gonzales*, 203 F. App'x 204, 211-12 (10th Cir. 2006) (summary order); *Nyemba v. Prendes*, No. CIV-06-772, 2006 WL 3300448, at *4 (W.D. Okla. Oct. 24, 2006) (collecting cases for the proposition that "if the purported detention challenge is, in reality, a challenge to removal, the federal district court has no jurisdiction"); *see also Delgado*, 643 F.3d at 55. Finally, regarding Plaintiff's claims of irreparable harm, the Court lacks jurisdiction under § 1252(g) to review or otherwise "impose judicial constraints" upon the Attorney General's decision to execute the order of removal. *Reno*, 525 U.S. at 485 n.9.

## CONCLUSION

For the foregoing reasons, Petitioner's emergency motion for a stay of removal (ECF No. 12) is DENIED.

IT IS SO ORDERED.

Dated: November 14, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court